UNITED STATES
BANKRUPTCY COURT
FILED

2007 JUL 12 PM 3:15

C.L. AUSTIN, CLERK
MILWAUKEE, WISCONSIN

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:                                        Chapter 13 Proceedings

JASON C. McALISTER,                           Case No. 06-21027-jes

    Debtor.

THOMAS J. KING, CHAPTER 13 TRUSTEE,

    Plaintiff,

-v-                                           Adversary No. 06-2458

ERNIE von SCHLEDORN, INC.,
JASON C. McALISTER, and
SHARON McALISTER (non-filing spouse),

    Defendants.

## DECISION

Thomas J. King, chapter 13 trustee ("trustee"), seeks to avoid a security interest held by defendant, Ernie von Schledorn, Inc. ("EVS"), as an unperfected lien pursuant to 11 U.S.C. § 544(a). EVS takes issue with the trustee and asserts that its security interest should "remain intact."

This matter is now before the court on the trustee's motion for summary judgment. Briefs by both parties, together with proposed facts, have been submitted to the court. Although the parties were unable to file a joint statement of facts, based upon the facts presented by each of the

parties, the material facts are not in dispute, and this summary judgment motion is ripe for determination.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## FACTS

On July 20, 2005, Jason C. McAlister ("debtor") purchased a 2004 Ford Expedition motor vehicle from EVS under an installment sales and security agreement. EVS assigned its interest to Capital One Auto Finance ("Capital One"). Capital One's security interest in this vehicle was perfected under the provisions of Wis. Stat. § 342.19 with its security interest duly noted on the certificate of title to the motor vehicle.

On October 5, 2005, Capital One decided not to extend credit to the debtor and informed EVS by letter that it was releasing its lien in the motor vehicle.[1]

EVS shortly thereafter informed the debtor of Capital One's decision and provided the debtor with the following two alternatives: (1) keep the vehicle until such time as EVS is able to assign it and continue to pay to EVS the monthly payments or (2) return the vehicle to EVS without charge. EVS requested the debtor respond within five business days. The debtor failed to respond within the 5-day period.

On November 1, 2005, EVS sent another letter to the debtor and enclosed a new MV-11 form to be signed by the debtor and which was to be returned with a signed certificate of title in order to enable EVS to have its security interest perfected. There was no response by the debtor.

---

[1] Capital One's lien never has been removed from the certificate of title.

-2-

On November 16, 2005, a third letter was sent by EVS to the debtor demanding that the debtor contact EVS immediately and inform EVS if he intends to return the requested documents described in EVS's November 1, 2005 letter.

The debtor in response returned the signed MV-11 form. However, he did not enclose his certificate of title to the motor vehicle, precluding EVS from forwarding to the Wisconsin Department of Transportation the documents required to perfect EVS's security interest. EVS never did receive the certificate of title from the debtor.

On January 4, 2006, EVS commenced a replevin action against the debtor in Waukesha County Circuit Court.

On March 16, 2006, the debtor filed a voluntary petition in bankruptcy under chapter 13. EVS filed its proof of claim as a secured creditor in this chapter 13 proceeding on July 6, 2006.

On December 14, 2006, the trustee commenced this adversary proceeding to avoid EVS's security interest as unperfected and to preserve the motor vehicle for the benefit of the bankruptcy estate.

## LAW

Lien perfection is a matter of state law. In re Fasick, 234 B.R. 891, 893 (W.D. Mich. 1999). Wis. Stat. § 342.24 recites:

> **Method of perfecting exclusive.** The method provided in this chapter of perfecting and giving notice of security interests subject to this chapter is exclusive. Security interests subject to this chapter are hereby exempted from the provisions of law which otherwise require or relate to the filing of instruments creating or evidencing security interests.

Case 06-02458-jes    Doc 15    Filed 07/12/07    Page 3 of 6

The method of perfection in Wisconsin is contained in Wis. Stat. § 342.19(2) as follows:

> . . . a security interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the secured party, and the required fee. It is perfected as of the time of its creation if such delivery is completed within 10 days thereafter . . . otherwise, as of the time of such delivery.

The trustee argues that EVS does not hold a perfected security interest and that its security interest is therefore voidable under 11 U.S.C. § 544(a), the trustee's "strong arm clause." The trustee asks that the security interest of EVS be preserved for the benefit of the chapter 13 estate, and the debtor's title be delivered to him to enable him to obtain a new certificate of title.

EVS responds that its lien "should remain intact" because Capital One's lien was never removed from the certificate of title by the Wisconsin Department of Transportation. Alternatively, EVS argues that "when Capital One released its security interest, it in effect placed EVS in an assignment position."

The court rejects both arguments by EVS. The fact that Capital One's lien was never removed from the certificate of title is no defense which EVS may assert in failing to perfect its security interest. That would be side-stepping the requirements contained in Wis. Stat. § 342.19, which is the only method for perfecting security interests. Milwaukee Mack Sales v. First Wisconsin National Bank, 287 N.W. 2d 708, 712, 93 Wis.2d 589, 595 (1980), states that section 342 of the Wisconsin Statutes is the exclusive method of perfecting security interests in motor vehicles.

In In re Moeri, 300 B.R. 326 (Bankr. E.D. Wis. 2003), the debtor had a lease with an option to purchase a Jeep from Chrysler and exercised his option. Chrysler initially provided the financing for this Jeep. The debtor thereafter made arrangements to obtain refinancing from

-4-

Case 06-02458-jes    Doc 15    Filed 07/12/07    Page 4 of 6

Kenosha City Credit Union. Although Kenosha City Credit Union received a lien release from Chrysler, it did not receive a certificate of title for the vehicle within the 90-day preference period. This resulted in a proceeding brought by the chapter 7 trustee to avoid Kenosha City Credit Union's security interest as a preferential transfer. This court rejected Kenosha City Credit Union's argument that it had obtained an assignment of Chrysler's lien, ruling that there was no assignment – absolutely or otherwise – within the meaning of Wis. Stat. §342.21. This court further stated that Kenosha City Credit Union could not "piggyback" on Chrysler's lien and that there was no authority to support Kenosha City Credit Union's effort to rely upon the prior perfected lien of Chrysler.

In re Gaiser, 2007 Bankr. Lexis 630 (Bankr. D. Kan. 2007), is a case involving a refinancing of a loan where the refinancing lender failed to perfect its lien, and it reached the same result made in Moeri. The refinancing lender relied upon the existing certificate which had the name of the fully-paid original lender. Gaiser declared that the refinancing lender was not entitled to the benefits of the lien perfection of that original lender.

EVS also argues that the debtor did not have clean hands by his actions in failing to cooperate with EVS by ignoring EVS's repeated requests for either the return of the vehicle or the necessary documents to enable EVS to perfect its security interest. That argument also is unavailing. A trustee with strong arm powers under § 544(a) is not estopped by the debtor's misconduct. In re Earl Roggenbuck Farms, Inc., 51 B.R. 913 (Bankr. E.D. Mich. 1985); In re Brent Explorations, Inc., 31 B.R. 745, 749 (Bankr. D. Colo. 1983); and In re I.A. Durbin, inc., 46 B.R. 595, 602 (Bankr. S.D. Fla. 1985). There may be some situations where a debtor's egregious conduct (such as fraud) is a defense. However, the contention of a lack of cooperation by the debtor in failing to turn over documents does not rise to that level.

## CONCLUSION

EVS does not hold a perfected security interest, and the trustee's motion for summary judgment is **GRANTED**. The security interest of EVS is avoided, and the 2004 Ford Expedition motor vehicle owned by the debtor is preserved for the benefit of the debtor's chapter 13 estate. The debtor is ordered to turn over to the trustee the certificate of title to this vehicle.

Dated at Milwaukee, Wisconsin, this /2 day of July, 2007.

BY THE COURT:

/s/ James E. Shapiro
JAMES E. SHAPIRO
U. S. BANKRUPTCY JUDGE

c:
Rebecca A. Holzhauer, Esq.
P.O. Box 3170
Oshkosh, WI 54903-3170

Jack A. Umpleby, Esq.
W175 N11163 Stonewood Drive, Ste. 110
Germantown, WI 53022

Michael J. Watton, Esq.
225 East Michigan Street, Ste. 550
Milwaukee, WI 53202

Ms. Sharon McAlister
3730 West Greentree Road
Milwaukee, WI 53209